Thank you. Good morning, your honors. Jean Rees, USC Immigration Clinic Pro Bono Counsel for Petitioner Norma Corona Moreno. Ms. Corona was tortured by local, state, and federal Mexican police, including being waterboarded, tied to a wireframe bed with a cloth over her head, water poured on her face, while police asked her about the drug activities of her husband and her brother. This is because her husband was a member of the Arellano Felix Cartel. And because Ms. Corona had filed a complaint against the police, a human rights complaint against the police, for previously invading her home, torturing her husband, putting a gun to her and her daughter's head, and threatening to kill her baby. Ms. Corona's brother was also tortured in the same warehouse with Ms. Corona, and was eventually killed after giving information about the police. According to expert witness, Dr. Smith, Mexican police and Sinaloa Cartel are synonymous. And the Arellano Felix Cartel, which was a formal rival of the Sinaloa Cartel, are now allied with the Sinaloa Cartel and the police in trafficking drugs and fighting against other cartels. The board assumed Ms. Corona was credible, and so this court should reverse the board's decision, denying Ms. Corona cat protection, and find that substantial evidence establishes she is more likely than not to be tortured in Mexico. The board denied cat solely on the basis of an erroneous determination that she could relocate within Mexico to avoid torture. So Chihua Jimenez V. Barr has found that relocation is not a determinative factor, and the board here failed to consider all regulatory factors. The board failed to consider expert testimony that it was extremely probable that Ms. Corona would be tortured or killed in Mexico by the Mexican authorities or a drug trafficking organization, most likely the Sinaloa Cartel, in tandem with the police. And this is because her husband is a former cartel member, because she filed a human rights complaint against the police, and because her brother was an informant who betrayed the Sinaloa Cartel, and Dr. Corona was often targeted for murder. May I ask, the government has conceded that there should be a remand on the cat claim, and I guess my question is, how do we have authority to do anything more than remand? Don't we have to just send it back and allow the board to reconsider it? The board, the government's remand is based on this idea that there's this unresolved issue of adverse credibility, and so the board, the government is seeking remand just so that the board can look at the case again and kind of have an opportunity to deny on other grounds. The board considered the issue of adverse credibility and deemed her credible for the purposes of the appeal. It assumed her credible, right? I mean, we didn't make a finding on that. The board decided to assume her credible, reach the merits of her decision, of her asylum and withholding and cat applications, deny them, dismiss the appeal. There was a final removal order. That removal order was executed. The government now seems to disagree with the board's decision and ask for remands that the board can kind of further assess, but the board decided to assume her credible. And so that issue has been addressed. And so that is the decision, the final removal order and the final decision before this court. So the court should rule on that decision and assuming she's credible because that is what the board has done. The government, if the government felt that the decision was wrong or somehow was procedurally defective or didn't comply, they had the opportunity. The government has promulgated regulations to submit a motion to reconsider to the board of immigration appeals or to certify the case to the attorney general for review. That did not happen. And so it's improper to now use remand as a way to seek reconsideration of the decision that the government disagrees with. I take it counsel, you think it's beyond our authority to remand this to the board and ask them to make a credibility determination and then a merits determination. Is that right? That's correct, your honor, because the board has made a determination assuming her credible. And maybe the board- You know, we get these cases all the time. I've only been doing this for 26 years. We get these all the time. And when the board does that for good or ill, to us, it appears that they're saying, we've looked at your merits claim and we think it's really pretty weak, I'm not saying it is or it is not. So we're going to go ahead and assume you're credible and say, even if you are credible, this does not amount to qualification for cap protection. If that's what's happening here, and it gives every appearance of being that, why not send it back, tell them to assess credibility. If they do it wrong, we are fully capable of dealing with that. If they find her credible and said what you just described as her allegations, and they say that's not enough, we're fully capable of dealing with that. So what's the problem? Well, Your Honor, this is petitioner's appeal, and this is the decision that she has been removed on. And I see what Your Honor is saying. Another thing could be that the board looked at this and found that the IJ's only reason for finding her not credible was because he found it inconceivable that she would say she wasn't afraid to return to Mexico in order to be released from detention. And that could be why the board decided to dispose of that issue and move on to the merits. Whatever the reason for the board, this is the decision before the court, and this is what we are asking the court to rule upon. And that requires this court finding and assuming that she's not finding, but assuming she's credible and looking at the evidence in light of her being credible. The government can't appeal the board's decision. This is the petitioner's appeal. And so this is the decision before this court. And so this court should decide based on what the board did. And the board assumed her credible and denied on different grounds. Right. But I guess what I'm still maybe not clear on your position is you want us to say, okay, like the board, we will assume that she's credible and assuming her credibility, that she would be entitled to count relief. But then we would have to send it back. And on remand, I mean, do you, do you acknowledge that on remand, the board, the board might decide that she's not credible on remand? Is that? Well, I think that it's very different. Your Honor, you're correct. We're asking for you to make that finding that assuming she's credible, substantial evidence shows she's eligible for cat and remand consistent with that finding. Um, the board then has that finding. It's very different than just remanding. So the board can reassess its decision. So the board can have this kind of post hoc opportunity to find another ground to deny her on. While Ms. Corona continues to remain in hiding in Mexico, while we then have to go back and, and, and address this. The, I guess what I'd like to underscore here is there was a lot of evidence in this case. The board considered it and the board decided to, to assume she was and this, and now this is the decision we have. And so we are asking your honors to make that finding that she. What's your authority or your best case in a situation where the IJs found the petitioner to lack credibility, the BIA assumes credibility and then rules on the merits. What's your best case for saying that a panel of the ninth circuit and like the BIA, we assume she's credible. Well, the, I mean, I, I guess I'd point to the cases that the government points to because, because they're in opposite here, the, the, the board does not, did not, um, leave this issue unresolved and addressed it. So in the cases that allow this court to remand for the, for the agency to further consider some issue that wasn't reached, those are not applicable here because here it was addressed, the board decided to assume her credible, the board. In those other cases there, the board reaches a dispositive issue and doesn't get to the other merits of the application here, they addressed it and they address the merits of the application. And so we are asking remand, but with a finding that be on this basis, the court, that there is CAD eligibility and remand consistent with that. And the, and the agency should be bound by that, by that finding, by that decision. But before we, I don't want to start cutting into your rebuttal time, but could you address the particularly serious crime question? And in particular, um, I mean, I suppose I agree with you that, you know, it seems like the board just made a factual error, uh, in thinking that the sentence hadn't been suspended when in fact it had, um, can you explain, given the limitations on our jurisdiction, uh, to review those determinations, uh, how that's something that we can review? Yes. Your Honor is looking at an abusive discretion standard here. And the law says that an abusive discretion can be a mistake of law or mistake of fact. Here, there's a mistake of fact. The type of sentence that needs, that's required to be considered under a particular crime determination is a mistake of fact, because she served two months and then was released on probation. Here, the board upholds the particularly serious crime determination by finding that a year sentence is substantial. And so that's a mistake of fact. And then secondly, there is a mistake of law here because the board's reason for upholding a particular crime determination, in addition to the lead to the violence. And so that conclusion does not take into effect, uh, take into account the individual facts and circumstances that Fred Teskew requires, because that would apply to anyone convicted of burglary, whether that person was the driver or the person who entered the home and stole the property, whether that person was, as Miss Corona was, a victim of an abusive co-defendant relationship. Um, and so here the board does a mistake of fact with the sentence and then a mistake of law. But that is an abuse of discretion and this court can reverse on that basis. Um, so I'd like to reserve my remaining time for rebuttal. Thank you. You're from the government now. Good morning, may it please the court. My name is Craig Newell and I'm here on behalf of the Attorney General. The first thing that I will mention is that in this board's decision, the board, by assuming credibility, was specifically declining to address the merits one way or the other on it. And why we have been requesting remand on the cat deferral claim since our motion to remand last year, is that by assuming credibility here, it's unclear, um, whether the board really understood the ramification of doing so. And then by resolving it just on the relocation determination. I mean, if you take Miss Corona Moreno's allegations as true, she has claims that government officials, uh, police officers waterboarded her, that she saw her daughter, uh, or her child be threatened with drowning. Um, but that is not what the immigration judge, the immigration judge discounted her testimony in the entirety. His entire cat deferral analysis, which was thorough, was under that assumption that she was not credible. Um, and so that's why the, the cat claim, uh, should go back. The adverse credibility determination is a factual finding within the authority of the board. And this is a situation where even if this court, uh, were to not take our request to just remand it and said, Hey, assuming credibility, the record compels the conclusion that Miss Corona Moreno, uh, a matter of burden of proof for cat, it would still have to remand so that that outstanding adverse credibility determination can be resolved by the board. Is there something that we could look at in the record that would allow us to say here are three reasons why she is credible or here are three reasons why she's not credible? Yeah, yes, the immigration judge did give, uh, reasons, uh, supporting his finding of adverse credibility. Uh, however, this court, uh, under, uh, the Supreme Court line of case law, Ventura and Thomas, I cannot de novo review that finding. It's a ground that the agency did not rely on. And that would be, you know, that that's a basic principle of administrative law that you, that you can't be looking at that, uh, finding. The immigration judge found her not credible. Um, because back during her initial removal proceeding, which was very close temporarily, uh, temporally to the incidents that she alleges, he asked her whether she was afraid of anyone back in Mexico and she said, uh, no. And there was also a concern about the allegations about the arrest of her husband and how that, uh, those allegations conflicted with the allegations that were in that human rights complaint. They weren't as severe as she was, uh, stating now in her testimony. So those are his reasons. The board did decline to, to, to look at that in, in no way am I saying this board decision is optimal, uh, you know, in this, in this, um, in this situation. I mean, uh, as every adjudicator, uh, you know, they are not, um, they are not infallible and that's why we have judicial review and that's why I went through the process to ask that this, uh, be remanded on the TAT deferral claim. Now as to the particular serious crime determination, this is, uh, reviewed under, uh, the very deferential abuse of discretion standard. Um, the, the board did look at all the factors, but yes, it did not consider that, uh, her sentence, her actual time in jail was only two months opposed to the one year. And, um, so that is one factor, um, that was not fully considered, but that being said, as we argued in our brief, uh, she had counsel before the board and as with, uh, uh, any party, uh, in briefs must cite to the record to where this, uh, evidence was and, and that former attorney failed to do so. And so the board was unaware of that two months. He did make the point. I mean, I, you know, looking at the brief that was filed in the board, the citation is not to the right page, but you know, the board was told, uh, in the brief, um, you know, she only got a two month suspended sentence, wasn't it? Yes, it was. And again, as with the TAT deferral, uh, part of the board's decision, this particular serious crime, uh, reasoning is again, not optimal. And that's why we initially requested a remand on that as well. When our motion to remand was denied in order to brief, I mean, this is a defensible board decision, but not an optimal one. And so, uh, if the board is, I mean, I'm sorry, if you, uh, as a court are inclined to remand on the particular serious grounds so that the board, this is an inherently discretionary determination to reevaluate that with knowing that she only had a two month time in jail, opposed to a one year time in jail, that, that it would be well within reason, and we would have no objection to that as well. Um, that being said, the board did ask the other factors, yes, the nature of California first degree burglary, um, is to prevent and punish this inherently dangerous situation that's created by burglaring inhabited residents. The board also, and the immigration judge looked at the actual factors of her case. And yes, she was the getaway driver, but she did not, uh, but that doesn't lessen a culpability in helping someone out burglarize an inhabited home. And so, so overall, those are the, uh, points that we advocate for both the, uh, particular side of the serious crime issue and the cash referral claim. And if there are no further questions, um, the government asked that the court deny the petition as to the asylum and withholding claims, but remand as to CAT, uh, for further analysis. Thank you. Thank you. Um, we'll hear a rebuttal now. Uh, thank you, your honors. Uh, you know, the, the, the government refers to the board's decision as not a remand so that the board can do it again and try again. Um, a remand would also be inconsistent, a remand without the finding that we're asking for on the, on the actual substantial evidence, uh, regarding the CAT claim, a remand would be inconsistent with the Chenery Doctrine. So the Chenery Doctrine would invite the board to do a post hoc rationalization, uh, for its decision to deny asylum withholding in CAT. Uh, the grounds on which an administrative order must be judged or those are, are, are those upon which the record discloses the agency's decision was based. So the board doesn't adopt the immigration judge's decision. The board assumes her credible and affirms certain findings of the immigration judge in its decision. So the board's decision is all that's before this court and the board's decision is the, um, final agency decision. Uh, and so the court must look at the board's decision, which assumes her credible and, uh, and rule on that. And that, you know, substantial evidence shows that she has, assuming credibility, established that she's more likely than not to be tortured in Mexico. Um, uh, so I think the, the idea that this is not optimal and we need to go back to how the board, uh, a decision is, is to kind of redo the decision is wrong. I think there should be a finding here because the board made the decision to deem her credible. And that's not an unresolved issue. The government executed a removal order on that basis. Um, and again, I just highlight that there was a way for the government to challenge the way the board made its decision, either seeking a motion to reconsider or certifying to the attorney general, but the board, uh, the government has not done that. So because of that, this court should find that Miss Corona is substantial evidence that she's eligible for CAT, reverse the finding of the PSC for abusive discretion and remand so that the board can look at the merits of the asylum and withholding because the board found that she was, um, convicted of a particular serious crime and didn't reach the elements of asylum and withholding. And so that's what we're asking this court to do. I have a question, uh, if judge Miller will permit, uh, and it may be that the government is in a better position to answer my question. And my question is, is it still the policy of the department of justice that on remand, the matter goes to a different board panel? I, I am unsure if that is still the policy, um, and I'm curious to see who the board, who the board member was that did this decision, but, um, I, I'm, I apologize. I don't have an answer to that. What I, what I- It's not a problem. Don't worry. I just wonder. Okay. It's a good question. I, I would just offer that this court could, could request, you know, order that the case is not, um, remanded to the same judge, if, if that was a concern. And be careful, be careful. You don't ask for too much. Thank you. Are there any further questions? No. All right. Then we, uh, thank, uh, thank both counsel for their, uh, very helpful arguments, uh, this morning and the case is submitted. That concludes our calendar for the day. Thank you.
judges: Hawkins, Morris, Miller